IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Garron L. Norris, #2001-2245 <br> *a/k/a Garron Ladon Norris,* <br> *formerly* # 281530, <br><br> Plaintiff, <br><br> vs. <br><br> Ofc. Carl Jennings, <br><br> Defendant. | C/A No.: 1:10-1339-JFA-SVH <br><br><br> REPORT AND RECOMMENDATION |

Plaintiff, Garron L. Norris ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] When Plaintiff brought this action, he was a detainee at the Cherokee County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name an employee of the Cherokee County Detention Center as the Defendant.[2] Plaintiff alleges that the Defendant violated his civil rights, and he seeks money damages. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to

identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff's entire statement of claim alleges the following facts:

On 5-9-10 Ofc. Carl Jennings was in C-unit with Ofc. Chilton, Lemmonds, assisting in helping Shard Jefferies a fellow detainee who had fell (sic) on the floor in water inside his cell. I asked Ofc. Jennings to look in cell C-6 because

there was a man who had feces on the floor and urine because he hurt his back as well then Ofc. Jennings said "that niggr (sic) ain't hurt he faking (sic) i was the one at the hospital with him." I said "do a X-ray show nerve damage or whip lash" he said "no" i said "then do your job and check on C-6." He begin calling me names like "your ass thank (sic) you know it, smart ass, f*** you," then he threaten me by saying "I got something for your ass watch in (sic) see." He claimed I'm trying to get his job took and he called me two faced. He verbally abused me so bad [I] got afraid for my life and wrote a grievance complaint to Capt. Harold Crocker. He did this in front of his fellow officers but they claim they did'nt (sic) hear him. Ofc. Jennings was so loud anyone and everyone in lock up heard the verbal abuse and his threat. Nothing has been done to this officer because here in CCDC officers are always right. So I'm filing this civil action. This concludes my complaint.

Compl. 3–4. Plaintiff requests $50,000 in damages and to be allowed to sue the Defendant in his individual and "job" capacity. Compl. 5.

## Discussion

Plaintiff's Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, Plaintiff does not allege that a right secured by the Constitution or laws of the United States was violated. Certainly, Plaintiff's allegations taken as true show that Defendant acted offensively and unprofessionally, but the allegations relate to verbal harassment which is not protected by the Constitution or a federal law. *See Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."). *See also Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) ("Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest."). *See also Henslee v. Lewis*, 153 F. App'x 178, 2005 WL 2888220 (4th Cir. Nov. 3, 2005) (affirming the summary dismissal of a portion of a prisoner's § 1983 complaint that alleged a jail employee incited other inmates to attack him, but no actual attack was alleged, on the ground that no cognizable claim was stated for threats or verbal abuse). Plaintiff does not allege any action by Defendant to carry out the alleged threat. Therefore, Plaintiff failed to allege a claim cognizable pursuant to § 1983.

<u>Recommendation</u>

Accordingly, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

August 26, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**